Master Andrews SIMANUNGKALIT, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–70763.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed July 8, 2008.

Master Andrews Simanungkalit, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Erika Ritt Fax, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, LEAVY, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Master Andrews Simanungkalit, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing an appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

The record does not compel the conclusion that the changed circumstances exception excused the untimely filing of Simanungkalit's asylum application. *See Ramadan v. Gonzales,* 479 F.3d 646, 648, 657 (9th Cir.2007).

Substantial evidence supports the agency's adverse credibility finding based on

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

556

Simanungkalit's omission from his asylum application of the daily stonings during the Muslim fasting month that he endured because the IJ was not unreasonable in considering that, if truthful, Simanungkalit would have thought to mention these "most serious" allegations of mistreatment when he detailed the persecution he allegedly endured in Indonesia. *See Li*, 378 F.3d at 963. Simanungkalit's contention that his application mentioned these incidents is unsupported by the record. Accordingly, Simanungkalit's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

In his opening brief, Simanungkalit fails to address, and therefore has waived, any challenge to the BIA's denial of CAT relief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996). Accordingly, we do not consider Simanungkalit's CAT claim.

**PETITION FOR REVIEW DENIED.**